FILED
Feb 26, 2024
01:40 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Lindsey Crabtree,** | ) | **Docket No. 2023-06-4372** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Kelly Services Global, LLC,** | ) | **State File No. 57814-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **Indemnity Ins. Co. of N.A.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on February 21, 2024, on Lindsey Crabtree's request for benefits for sudden knee pain she experienced while working for Kelly Services Global. Kelly Services denied the claim, arguing that the injury is idiopathic. For the reasons below, the Court denies benefits at this time.

### Claim History

On June 27, 2022, Ms. Crabtree was working on assignment for Kelly Services at Electrolux. She worked on an assembly line and performed a series of tasks as stoves went by. She inserted screws on one side of the appliance, manually turned it, and inserted screws on the other side. Then she placed stickers and a rack inside the stove.

Ms. Crabtree testified that on that day, she began to feel pain in her right knee. She completed her shift, hoping ice and rest would alleviate her symptoms.

That did not occur. Instead, the very next day, Ms. Crabtree was performing the same duties and again felt right-knee pain. On a break, she began to walk away from the assembly line, when she felt a "pop" in her knee and sudden, sharp pain. She kept walking because she was embarrassed and decided to "push through" the situation.

Ms. Crabtree returned to the line. She told a supervisor that she had hurt her knee but would try to work. When Ms. Crabtree turned the first stove that went by, "My knee

1

just went; like, it was excruciating." She was unable to complete the work on that stove, so she hit a nearby emergency button to stop the assembly line. Seconds later, the line turned back on. Ms. Crabtree hit the button again; the line stopped briefly but restarted. A concerned coworker then stopped the line; the supervisor ignored them and re-engaged the line.

With the help of the coworker, Ms. Crabtree worked until the next break. Finding it extremely difficult to walk, she contacted her former husband and son to help her return home.

Ms. Crabtree received authorized treatment the next day. A physician assistant wrote, "6/28/22-10 A.M. Sharp pain when walking away from line. Felt like knee gave out." X-rays showed no acute fractures and "mild osteoarthritis of the knee." The physician assistant gave her a knee brace and referred her to an orthopedic specialist.

A few days later, Kelly Services denied the claim, stating that her injury was idiopathic because it occurred as "she was walking away and felt the pop in her right knee."

Ms. Crabtree testified that, on her own, she later saw a nurse practitioner at an orthopedic practice. Records from this treatment were not admitted into evidence, however, because they were not signed by a physician. Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(b) (2023). She also underwent an MRI and saw a physician at a later visit, but she did not offer those records into evidence.

On cross-examination, Ms. Crabtree clarified the circumstances immediately before the injury. She agreed that, before experiencing the knee pain while walking, she did not fall, trip, or slip on anything. Nothing was obstructing her path, and no water or other liquid was present on the floor. An anti-fatigue mat was placed near the assembly line, but Ms. Crabtree said she did not slip or trip on it. No "hazard" or stairs were in her way.

**Findings of Fact and Conclusions of Law**

Ms. Crabtree must show she is likely to prevail at a hearing on the merits that her right knee condition arose primarily out of and in the course and scope of her employment. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015); Tenn. Code Ann. § 50-6-102 (2023).

Kelly Services did not dispute that Ms. Crabtree felt knee pain at work. Rather, it contended that her knee pain occurred while walking and was not caused by a workplace hazard. Therefore, the injury is idiopathic and not compensable.

The Appeals Board has explained, "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *Bullard v.*

*Facilities. Perf. Grp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *7 (Aug. 7, 2018).  An injury that occurs from an idiopathic condition is compensable "if an employment hazard causes *or exacerbates* the injury."  *Id.* at *8 (Emphasis added).  Further, "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation."  *Id.* at *11.

Here, Ms. Crabtree was a credible witness.  She testified candidly, even when it was unfavorable to her interests.  She admitted that while walking and before and after the onset of her pain, the floor was free of obstructions or spills, and the path was open.  In fact, Ms. Crabtree acknowledged that the knee pain itself might be idiopathic, but she contended that her supervisor's actions afterward exacerbated the injury.

Her argument is intriguing.  Certainly Ms. Crabtree's supervisor's actions showed a lack of empathy and respect.  However, whether those actions exacerbated her injury is unknown on this record.

Ms. Crabtree did not explain the mechanics of how the alarm being repeatedly overridden exacerbated her knee condition.  For example, did she put additional weight on the hurt knee when the line was suddenly restarting?

But more importantly, she offered no medical proof to support her theory.  Medical evidence is generally required to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases."  *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May 18, 2017).  This case is not obvious, simple, or routine.  Moreover, Ms. Crabtree's opinion on how she became injured, while sincerely held, cannot suffice as proof of causation.  *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) (parties cannot rely solely on their own medical interpretations of evidence to successfully support their arguments).

Under these circumstances, the Court cannot find that Ms. Crabtree's knee condition arose primarily out of her employment.  She is not likely to prevail at a hearing on the merits at this time.

**IT IS ORDERED AS FOLLOWS:**

1. Ms. Crabtree's request for workers' compensation benefits is denied at this time.

2. A status hearing will take place on **April 22, 2024, at 10:00 a.m. Central Time.** The parties must call 615-532-9552 or 866-943-0025.

**ENTERED February 26, 2024.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

EXHIBITS

Technical record:

1. Petition for Benefit Determination
2. Motion to Withdraw
3. Order Granting Motion to Withdraw
4. Order Resetting Status Hearing
5. Dispute Certification Notice
6. Order Setting Expedited Hearing
7. Amended Order Setting Expedited Hearing
8. Hearing Request
9. Employer's Pre-Expedited Hearing Brief
10. Employer's Witness and Exhibit List

Evidence:

1. Declaration of Ms. Crabtree
2. Notice of Denial
3. Denial letter
4. Wage statement
5. C-42
6. Medical Records: NorthCrest, Springfield-Ascension St. Thomas Urgent Care
7. Employee Incident Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on February 26, 2024.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Lindsey Crabtree, employee | X | X | 11256 Orndorff Mill Rd. Adairville, KY 42202 Lcrab2959@gmail.com |
| John Barringer, employer's attorney | | X | jbarringer@manierherod.com sknack@manierherod.com hsantilli@manierherod.com |

_____

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*